IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BONNIE J. KING,

    Petitioner,

v.                                              Civil Action No. 5:03CV119
                                        (Criminal Action No. 5:02CR17)
                                                        (STAMP)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTION
RELATING TO ARTIFICIALLY CREATED VENUE AND
REMANDING PETITIONER BONNIE KING'S CLAIM
FOR INEFFECTIVE ASSISTANCE OF COUNSEL
FOR FAILING TO FILE A TIMELY APPEAL**

I.   Procedural History

On August 18, 2003, the pro se petitioner, Bonnie J. King ("King"), filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Concurrently, King filed a motion for extension of time in which to file a § 2255 motion. King also filed two motions for appointment of counsel on August 18, 2003 and August 26, 2003. On August 26, 2003, King also filed a motion to invalidate her plea agreement.

This Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of these matters. The magistrate judge ordered the government to respond to the § 2255 motion, and on

September 29, 2003, the government filed its response. On February 13, 2004, King filed a reply to the government's response. On October 29, 2004, King filed a motion to supplement her § 2255 motion. She later filed an attachment/supplement on December 13, 2004.

On December 20, 2004, Magistrate Judge Seibert filed a report recommending that King's § 2255 motion be denied, motion for extension be denied, motion to invalidate the plea be denied, motion for counsel be denied and the motion to supplement be granted but denied the attachment to King's § 2255 motion. The magistrate judge also informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation. On January 5, 2005, King filed a motion for an extension of time to file objections to the magistrate judge's report and recommendation. This Court granted King's motion. King then filed objections on February 16, 2005, challenging the magistrate judge's findings with respect to procedural default, ineffective assistance of counsel, the validity of her guilty plea, and prosecutorial misconduct.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. This Court has now made an independent <u>de novo</u> consideration of all of the matters now

2

before it and is of the opinion that the magistrate judge's report and recommendation should be affirmed in its entirety.

## II. Facts

On April 17, 2002, the government filed an information charging King with conspiracy to use a communication facility to commit a drug felony (Count One), in violation of 21 U.S.C. § 846, and use of a communication facility to commit a drug felony (Count Two), in violation of 21 U.S.C. § 843(b) and (d). On March 26, 2002, King signed a plea agreement in which she agreed to plead guilty to both counts, Count One and Count Two, and stipulated that her relevant conduct placed her at an offense level of 32. The government also agreed not to file an information to establish any prior conviction, so that the maximum sentence that King would face as a result of the two guilty pleas was eight years incarceration, a $500,000 fine, and two years of supervised release.

On April 29, 2004, King waived her right to indictment and pled guilty to Counts One and Two of the information in open court. During this hearing, King stated the following under oath: (1) she understood and agreed with all of the terms and provisions of the plea agreement; (2) she had reviewed the agreement with counsel and that counsel had answered any questions she raised; (3) she understood that this Court could use "relevant conduct" to determine her sentence, (4) she understood the consequence of pleading guilty; (5) her attorney had adequately represented her in

this matter and they had not found any defense to the charges against her; and (6) she was not threatened, harassed, or coerced to enter the plea. Following that colloquy, this Court found that King's plea was freely and voluntarily made. During the plea hearing, William C. Beatty, a special investigator for the Hancock County Prosecutor's Office, testified regarding two separate telephone calls made to King to set up crack deals; one by a cooperating witness, and one by an individual called "Funk."

On August 12, 2002, this Court sentenced King to 48 months on Count One and 48 months on Count Two, these sentences to be served consecutively. King did not appeal her conviction and sentence.

King is now collaterally attacking her conviction and sentence on the following grounds:

1. her plea was unlawfully induced and involuntary, in direct violation of Rule 11;

2. the prosecutor failed to disclose exculpatory evidence and give her access to witnesses;

3. she received ineffective assistance of counsel because her attorney coerced her to accept the plea agreement, failed to raise proper defenses, and had no experience in criminal law;

4. the testimony of William C. Beatty at her plea hearing was false and misleading; and

5. her sentence violates <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), because her sentence was enhanced for drugs.

King also asserted the following for the first time in her objections to the magistrate judge's report and recommendation:

1. that her attorney failed to file a timely appeal even though she immediately expressed her desire for him to do so after the sentencing hearing; and

2. that the government artificially created venue in the Northern District of West Virginia in order to avoid dismissal for lack of jurisdiction.

### III. Applicable Law

A. Rule 11 Requirements

Federal Rule of Criminal Procedure 11 governs the validity of guilty pleas. The court accepting a guilty plea must address the defendant personally in open court and inform her of the rights that she is waiving by changing her plea. Fed. R. Crim. P. 11(b). The court must also inquire as to whether the plea is voluntary. Id. In order to be valid, a guilty plea must be a "knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Thus, if the defendant fails to understand her constitutional protections and the charges made against her, the guilty plea is invalid and should not be accepted. Henderson v. Morgan, 426 U.S. 637, 645 (1976).

Rule 11 also requires the parties to disclose the terms of the plea agreement in open court. Fed. R. Crim. P. 11(c)(2). "The

purpose of Rule 11 is not only to detect and reject involuntary and unknowing guilty pleas but also to produce a suitable record of the plea and plea agreement." United States v. Friedland, 879 F. Supp. 420, 427 (D.N.J. 1995). The disclosure of the plea agreement on the record is crucial, as "the record becomes the embodiment of the deal reached between the defendant and the prosecution." Id.

B.   Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the standards used to measure ineffective assistance of counsel. The Court stated that "[t]he benchmark for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. Thus, in order to prove an ineffective assistance claim, a defendant must show that "counsel's performance was deficient" and that "counsel's errors were so serious as to deprive the defendant of a fair trial . . ." Id. at 687. Under this two-prong test, a claim will be successful only if (1) counsel made significant missteps, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

IV. Discussion

A. Jurisdiction

King argues that this Court lacks jurisdiction because the government artificially created venue in the Northern District of West Virginia. (Pet'r Objection ¶ E.) This Court finds that King's jurisdictional argument lacks merit.

King plead guilty to a two-count Information, in which the crimes occurred in the Northern District of West Virginia. King did not raise this jurisdictional issue until she filed an objection to the magistrate judge's report and recommendation. King offers no support for the allegation that her counsel coerced her into signing the plea agreement, and thus, her plea agreement is valid. Accordingly, this Court has jurisdiction including, but not limited to, King's § 2255 motion.

B. Ineffective Assistance of Counsel

Because most of King's arguments stem from the fact that she alleges she received ineffective assistance of counsel, this Court will next address this issue. King claims that her attorney was defective in: (1) threatening to withhold his assistance "stating, 'If you don't take it, there's nothing I can do for you.'" (Pet'r Objection at 5.); (2) failing to investigate her claims of innocence; (3) failing to file a timely appeal after she specifically instructed him to do so; (4) providing advice to her regarding the pleadings and law involved.

7

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court concluded that the two-part inquiry established in Strickland v. Washington for determining the effectiveness of counsel also applies in cases in which the defendant pleads guilty. Id. at 57. Under this standard, a petitioner must first prove that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. In addition, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see also Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

1. Reasonable Assistance

This Court finds that the conduct of King's counsel on the issues raised in her original petition was within the "wide range of reasonable professional assistance" afforded by the Supreme Court in Strickland. See 466 U.S. at 689. King offers no support for the allegation that her counsel coerced her into signing the plea agreement. Moreover, as noted by the magistrate judge, there was no need for her attorney to challenge the credibility of government witnesses, because King pled guilty and stipulated to the amount of relevant conduct. Her attorney also was not ineffective for failing to object to the Court's use of uncharged conduct in determining King's sentence, as her sentence was

properly calculated using only the "relevant conduct" described in the United States Sentencing Guidelines.

   2.  Timely Appeal

King asserts for the first time in her objections to the magistrate judge's report and recommendation that she did not appeal her sentence because her counsel failed to file a timely appeal when specifically requested to do so by herself and her family. (Pet'r Objection at 3.) King alleges that her attorney was ineffective for failing to raise on appeal the issues she presented in her § 2255 petition, pursuant to Evitts v. Lucey, 469 U.S. 387 (1985). As noted, this issue was first raised in King's objections to the report and recommendation and not in her § 2255 petition. This Court has, therefore, determined that this issue should be remanded to the magistrate judge to consider King's claim that her counsel was ineffective for failing to file a timely appeal and to recommend a disposition of this matter.

   3.  Counsel's Advice

King also asserts that her attorney was ineffective by falsely advising her that she would receive a sentence of only 84 months. This contention too lacks merit. Assuming King's attorney made such a representation, it did not create prejudice as to her because this Court informed King at her plea hearing that the maximum sentence that she could receive was 20 years. See United States' Resp. to Pet'r's Mot. Under 28 U.S.C. § 2255, Ex. 3 at 12.

The Fourth Circuit has previously held that "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992)(en banc), cert denied, 513 U.S. 1060 (1994). Thus, any misinformation provided by King's attorney was corrected by this Court at the plea hearing and acknowledged by King while she was under oath. See United States' Resp. to Pet'r's Mot. Under 28 U.S.C. § 2255, Ex. 3 at 13.

It should also be noted that during King's Rule 11 hearing, this Court inquired as to whether King had fully discussed the case with counsel and was satisfied with counsel's representation, and whether she was aware of and understood all of the terms of the plea agreement. See United States' Resp. to Pet'r's Mot. Under 28 U.S.C. § 2255, Ex. 3 at 10, 23. At that time, King raised no concerns regarding the quality of her representation or the terms of the plea agreement. See id.

For these reasons, King's ineffective assistance of counsel claim on those issues lacks merit.

C. Procedural Default

The voluntariness of a guilty plea cannot be attacked on collateral appeal unless it is first challenged on direct review.

Bousley v. United States, 523 U.S. 614, 621 (1998). When the issue is not raised on direct appeal, the defendant can either show cause and prejudice or actual innocence. Id. at 622.

The magistrate judge first held that King's allegations that her guilty plea was coerced and that the government withheld telephone records were procedurally barred because she failed to raise these issues on appeal. As discussed above, King has failed to show cause and prejudice or actual innocence, and thus, she is procedurally barred from bringing these issue pursuant to a § 2255 motion.

D.  Voluntariness of the Plea

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992). In the present case, the record clearly reflects that, during the course of the colloquy, King specifically stated that she did not believe that she had any other side agreements or deals with the government that were not contained in the plea agreement, and that she was not threatened, harassed, or coerced to enter the plea. See id. Moreover, the plea agreement itself makes no mention of the government's promise to file a Rule 35(b) motion on King's behalf. See United States' Resp. to Pet'r's Mot. Under 28 U.S.C. § 2255, Ex. 1. Thus, there is no evidence in the record to support King's contention that her

plea was involuntarily made based on false promises by her attorney and the government.

E.  <u>Conviction for Drug Amounts Not Included in the Indictment</u>

King also contends that her sentence violated the rules set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because it was based upon a drug amount that was not alleged in the indictment. However, King's argument is misplaced. The Supreme Court's holding in <u>Apprendi</u> is not applicable unless a defendant is given a sentence that exceeds the maximum penalty prescribed by the relevant statute. <u>Id.</u> In this case, the maximum sentence that King could receive under 21 U.S.C. § 841 was 20 years. King received a sentence of ninety-one months (7 years, 7 months). Thus, the sentence did not violate <u>Apprendi</u>. <u>Id.</u>

King further argues that her sentence violates the rule set forth in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). King signed her plea agreement on March 26, 2002, which was before <u>Blakely</u> and <u>Booker</u>. <u>Id.</u>; <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). The Fourth Circuit has made it clear that neither <u>Booker</u> nor <u>Blakely</u> can be applied retroactively. <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005)(<u>Booker</u>, 125 S. Ct. at 738, is not retroactive because it is not a "watershed" rule). Accordingly, this Court finds that the petitioner's motion must be denied because it relies on a retroactive application of <u>Booker</u> or <u>Blakely</u>.

F.  Motion for Counsel and Evidentiary Hearing

A court may appoint counsel, if the person is financially eligible, in a § 2255 action.  Counsel is required to be appointed under 18 U.S.C. § 3006A when necessary for utilization of discovery procedures and when an evidentiary hearing is required.

King argues that there should be a hearing and expansion of the record to include letters, documentary evidence, and affidavits.  King asserts that an evidentiary hearing is required, and thus, appointment of counsel should be granted.  This Court finds that King's argument lacks merit.

According to 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, a court may appoint counsel when necessary for utilization of discovery procedures and when an evidentiary hearing is required.  King argues that Rule 8 states that "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C.A. 3006A(g) . . ."  (Pet'r Objection ¶ G.)

An evidentiary hearing is not required in this civil action. An evidentiary hearing is required under 28 U.S.C. § 2255: [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255.  King's § 2255, files and records all show that the she is entitled to no relief.  See 28 U.S.C. § 2255.

Accordingly, this Court finds that King is not entitled to appointment of counsel under § 3006A or an evidentiary hearing under 28 U.S.C. § 2255 on the matters raised in her original petition.

V. Conclusion

This Court finds that Magistrate Judge Seibert has examined all of King's claims carefully and has provided clear explanations for his recommendations. After de novo consideration of the record, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation but REMANDS King's claim for ineffective assistance of counsel for failing to file a timely appeal, raised for the first time in her objections to the magistrate judge's report and recommendation, and OVERRULES King's claim for artificial venue in the Northern District of West Virginia, also raised for the first time in her objections to the magistrate judge's report and recommendation.

Accordingly, for the reasons stated above, it is hereby ORDERED that petitioner Bonnie King's motion pursuant to 28 U.S.C. § 2255 is DENIED and her objection on the basis of artificially created venue is OVERRULED. It is also ORDERED that King's ineffective assistance of counsel claim, which was first raised in her objections to Magistrate Judge Seibert's report and recommendation, asserting that her counsel failed to file a timely appeal be REMANDED for the magistrate judge to conduct any hearing

14

he believes may be required and to recommend disposition of this matter.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.

DATED: May 10, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE